956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lee CARTER, Plaintiff-Appellant,
v.
Howard CARLTON; Virginia Lewis, Defendants-Appellees,
Gary LIVESAY, Warden; Don Dunaway, Sgt.; Thomas Wyatt,
Cpl., Defendants-Appellees.
 Nos. 91-5809, 91-5810.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1992.
 
 Before MERRITT, Chief Judge, and SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 David Lee Carter, a pro se Tennessee prisoner, appeals from the judgment on the jury verdict that he take nothing from his complaints filed under 42 U.S.C. § 1983 and that the action be dismissed on its merits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 These appeals involve two complaints which were consolidated for the purpose of trial. Seeking monetary relief, a declaratory judgment, costs, and a trial by jury, Carter brought suit on December 8, 1987, against the Associate Warden for Treatment of the Southeastern Tennessee Regional Correctional Facility, Howard Carlton, and the facility's Health Administrator, Virginia Lewis. Carter alleged that they were deliberately indifferent to his physical and mental needs (District Court Case No. CIV-1-87-440). On March 22, 1988, he filed a complaint against the Warden of the Southeast State Tennessee Regional Correctional Facility, Gary Livesay, and two of the prison's guards, Don Dunaway and Thomas Wyatt. Carter alleged that he was denied due process by the manner in which he was found guilty of a disciplinary infraction in March, 1988 (District Court Case No. CIV-1-88-107). He claimed that defendants violated his 5th, 8th, 9th, and 14th Amendment rights. Carter also moved to amend his complaint to include allegations that defendants Livesay, Dunaway, and Wyatt discriminated against him in his disciplinary hearing because of his race.
 
 
 3
 The case was submitted to a magistrate judge who conducted a trial by jury on the consolidated cases. The jury returned a verdict in favor of defendants on April 26, 1991. It was ordered and adjudged that Carter take nothing, that the action be dismissed on the merits, and that defendants recover their costs.
 
 
 4
 Upon review, we find no error. Only one issue in Carter's appellate brief merits attention. Carter, who is black, claims that he did not receive a fair trial because a prospective black juror was excused from jury service on the basis of her race. A private litigant in a civil case may not use peremptory challenges to exclude jurors on account of their race. Edmonson v. Leesville Concrete Company, Inc., 111 S.Ct. 2077, 2081-89 (1991). The Supreme Court held in Edmonson that the approach set forth in Batson v. Kentucky, 476 U.S. 79, 96-97 (1986), is applicable in civil trials. In Batson, the Supreme Court held that the party exercising the peremptory challenge is required to provide a racially-neutral explanation for the challenge, after a prima facie case of racial discrimination is established. In order to establish a prima facie case for racial discrimination, Carter must: (1) show that he is a member of a cognizable racial group and that the opposing party has removed from the venire a member(s) of Carter's race; and, (2) that the relevant circumstances raise an inference that the opposing party used peremptory challenges to exclude the venireman from the petit jury on account of the venireman's race.
 
 
 5
 Carter cannot establish a prima facie case of racial discrimination in the selection of the jury. The record reveals that two jurors were excused when they responded that they had an occasion when they had visited a jail. One of the veniremen was white, one was black. No "pattern" of strikes against black jurors is evident from the relevant circumstances. See Batson v. Kentucky, 476 U.S. at 97. The questions asked and the challenges exercised refute any inference of discrimination against black jurors.
 
 
 6
 Accordingly, the judgment of the district court in appeals 91-5809 and 91-5810 is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.